UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRIL EDWIN GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-46-TIA |
| ) | |
| STEVEN STENGER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Darril Edwin Gray (registration no. 33959-044), an inmate at FCI Seagoville, Texas, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $35.00. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $175.00, and an average monthly balance of $77.02. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $35.00, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Steven Stenger (CJA attorney) and the law firm of Klar, Izsak & Stenger. L.L.C. Plaintiff alleges that defendant Stenger was appointed to represent him in his criminal case, United States v. Geiler, 4:07CR219 JCH (E.D. Mo.).[1] In that case, plaintiff pled guilty to conspiracy to engage in the sex trafficking of a minor. The court sentenced plaintiff to a sixty-month term of imprisonment. Id. Plaintiff alleges that Stenger was

---

[1] The Court appointed defendant Stenger to represent plaintiff under the Criminal Justice Act, 18 U.S.C. § 3006A.

-3-

negligent in investigating his case and rendered him ineffective assistance of counsel. Plaintiff claims that the law firm of Klar, Izsak & Stenger is liable for Stenger's malpractice because he is a partner in the firm.

**Discussion**

The complaint fails to state a claim upon which relief can be granted as to defendant Stenger, because "a [court-appointed attorney] does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Similarly, the law firm of Klar, Izsak & Stenger is not a state actor, and therefore, is not subject to suit under § 1983. As a result, the complaint will be dismissed as legally frivolous under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $35.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>1st</u> Day of February, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE